EL MUNDO, INC., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, HUMACAO PART, LUIS PEREYÓ, JUDGE, Respondent.

No. C-65-16.        Decided October 29, 1965.

*Rivera Zayas, Rivera Cestero & Rúa* for petitioner. *Faustino R. Aponte* and *Arturo Aponte Parés* for contestant Rafael Isern.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

In an action for damages brought before the Humacao Part of the Superior Court, the court rendered on November 18, 1964 the following:

## "JUDGMENT

"Rafael Isern filed a claim for damages against El Mundo, Inc., Jesús López and Agustín Vázquez, alleging facts which occurred on May 15, 1961, about 6 a.m., when plaintiff Rafael Isern went to the establishment of Jesús López to buy the newspaper 'El Mundo.' At that moment codefendant Agustín Vázquez was trying to untie some wires which fastened the newspapers, one of which broke loose and injured plaintiff on the right eye, as a result of which he was ill for three months.

"As a result of the complaint and of the allegations therein established, codefendant El Mundo, Inc., has filed a motion for summary judgment and enclosed a contract subscribed on August 16, 1957 by codefendant Jesús López. From that contract codefendant Jesús López does not appear as an agent or employee of codefendant El Mundo, Inc., but rather an independent contractor.

"After examining closely the contract of sale, the court is of the opinion that codefendant Jesús López is not an employee of codefendant El Mundo, Inc., but rather an independent contractor, and that he is not bound by that contract to be joined as a codefendant in this action.

"The motion for summary judgment is hereby granted, and judgment is rendered declaring that there is no genuine controversy between plaintiff Rafael Isern and codefendant El Mundo, Inc. to be elucidated by the court at a plenary trial.

"Humacao, Puerto Rico, November 18, 1964.

"Let it be registered and notified."

A copy of the notice of that judgment was filed in the record on November 23.

On December 8, 1964 plaintiff moved for reconsideration of the judgment. Nine days later, namely, December 17 of that year, the trial court entered an order setting January 8, 1965 for the hearing of the motion for reconsideration of judgment.

On December 18, 1964, codefendant El Mundo, Inc., filed an opposition to the reconsideration discussing the merits of the judgment.

On January 7, 1965, El Mundo, Inc., filed another motion entitled "Motion to set aside the setting of the motion for reconsideration denied and praying the court to refuse jurisdiction." It alleged, in the pertinent part, the following:

". . . .

"3. On December 7, 1964, plaintiff filed a motion for reconsideration which this court denied outright in pursuance of the provisions of Rule 47 of the Rules of Civil Procedure of Puerto Rico, which prescribes an unextendible term of five (5) days counted as of the filing date of a motion for reconsideration, and provides that if the court fails to take action on the motion for reconsideration within 5 days after filing, such motion shall be deemed to have been denied outright.

"4. The 5-day term prescribed by Rule 47 overexpired from and after December 7, 1964, the filing date of the motion for reconsideration on which the same was allegedly filed in court, since it was the date on which notice thereof was served on the appearing party, and it was not until December 17, 1964, that this court entered an order setting January 8, 1965, at 9 a.m., to hear the motion for reconsideration filed by defendant on December 7, 1964. Plaintiff's motion for reconsideration cannot therefore be entertained or set for hearing, on the ground that by operation of law and according to the provisions of Rule 47, that motion was denied outright upon failure of the court to take some action thereon within five days after filing.

"5. According to the holding in *López* v. *P.R. Water Resources Authority*, R-63-56, opinion of November 14, 1963, reference of the Bar Association 1963-195, the terms prescribed by these Rules on matter of reconsideration are peremptory and unextendible, and since the 15-day term to file a motion for reconsideration is likewise peremptory and unextendible, El Mundo, Inc., respectfully maintains that the 5-day term prescribed by the last sentence of Rule 47 is also peremptory and unextendible; and that since the motion for reconsideration was denied outright in pursuance of that Rule, this court lacks jurisdiction for any other subsequent procedure, including the consideration or argument of the motion for reconsideration."

The trial court entered two orders on January 22, 1965. By the first it decided that it had jurisdiction to take cog-

nizance of the motion for reconsideration. We copy below the said order:

". . . .

"A copy of the notice of said judgment was filed in the record of the case on November 23, 1964.

"On December 7, 1964, plaintiff filed a motion for reconsideration, and on December 17, 1964 the hearing of the motion for reconsideration was set for January 8, 1965.

"Rule 47 of the Rules of Civil Procedure reads as follows:

" 'The party aggrieved by the judgment or order may, within 10 days after the filing of copy of the notice of judgment, or within 5 days after the filing of copy of notice of the order entered, file a motion for reconsideration of the judgment or order. The court, within 5 days after the filing of such motion, shall deny the same outright or set a hearing to hear the parties. If denied outright, the term to appeal shall be deemed never to have been interrupted. If a hearing is set to hear the parties, the term to appeal shall run as of the filing of copy of notice of the order of the court passing upon the motion definitively. If the court fails to take action on the motion for reconsideration within 5 days after filing, such motion shall be deemed to have been denied outright."

"Inasmuch as the judgment declares that there is no genuine controversy between plaintiff Rafael Isern and El Mundo, Inc., to be elucidated at a plenary trial, the term for filing the motion for reconsideration is 15 days and not 5 days as alleged by defendant in its brief.

"The court is of the opinion that at no time after the motion for reconsideration was filed did the court deny such motion, since it had set January 8, 1965 for the hearing thereof, and no unextendible fixed term is required for such setting. The unextendible fixed term, for the purposes of this motion for reconsideration, is 15 days, and the said motion for reconsideration was filed within the term of 14 days, the court being therefore bound to set the same, and did set it, within a reasonable term, on which date the hearing of that motion was held.

"The court is of the opinion that the motion for reconsideration was filed within the legal term, and the request made to the court to refuse jurisdiction is hereby denied."

By the second order the court granted the motion for reconsideration of judgment and set aside the one which it had summarily rendered for El Mundo, Inc.

We issued a writ of certiorari to review the jurisdictional question raised by El Mundo, Inc.

The petitioner maintains:

"1. The Superior Court of Puerto Rico, Humacao Part, lacked jurisdiction to set for hearing, reconsider, and set aside its original judgment after more than five days had elapsed since the filing date of the motion for reconsideration.

"2. The judgment rendered in this case is final and unappealable, and the court lacks jurisdiction to set it aside after 30 days have elapsed from the date of notice thereof, where the said term, as in the present case, has not been interrupted in accordance with law."

The question presented is the interpretation of Rule 47 of the Rules of Civil Procedure, particularly the last sentence thereof which provides: "If the court fails to take action on the motion for reconsideration within 5 days after filing, such motion shall be deemed to have been denied outright."

In the instant case the Superior Court took no action on the motion for reconsideration within five days after its filing. The question for decision is whether for all purposes the motion for reconsideration should be deemed to have been denied outright, and, consequently, the summary judgment should be considered final and unappealable.

The Code of Civil Procedure of 1904 made no provision on motions for reconsideration of judgments rendered by the courts of first instance. As correctly pointed out in *Dávila* v. *Collazo*, 50 P.R.R. 475 (1936), the motions for reconsideration were directed to the discretion of the trial

court. A motion for reconsideration of a judgment timely filed interrupted the term to appeal and started to run from the time reconsideration was denied, that is, it was automatically considered.

The direct consequence of the opinion delivered in *Dávila* v. *Collazo, supra,* was Act No. 67 of May 8, 1937 (Sess. Laws, p. 190), which fully regulated motions for reconsideration. That Act amended § 292 of the Code of Civil Procedure to read as follows:

"Any party aggrieved by a judgment or resolution of a district court in a civil action may, within the unextendible term of fifteen (15) days from the date of the filing in the case of a copy of the notification of the judgment, or within the unextendible term of five (5) days from the date of the filing in the case of a copy of the notification that judgment has been rendered, file in the court where the judgment or resolution was rendered, an *ex parte* petition for the review or reconsideration of its judgment or resolution, stating therein the facts and the fundamentals of law on which the application is based. *The court shall decide the motion for reconsideration within five (5) days after it is filed, and if the court rejects the petition outright, the term for appealing from the judgment or resolution whose review is applied for shall be computed in the manner provided in this Code, as if no petition for review or reconsideration had been presented.* If the court decides to reconsider its judgment or resolution, or to hear the parties on the motion for reconsideration, the term for appealing shall be computed from the date of the filing, as part of the record of the case, of a copy of the notification made by the secretary of the court to the party against whom the final decision of the court was rendered."

In *Marcano* v. *Marcano,* 60 P.R.R. 344 (1942), it was held that the 5-day term established by § 292 of the Code of Civil Procedure, as amended, within which the court "shall decide" the motion for reconsideration, is not a peremptory term, jurisdictional in character, but purely directory. Said the Court: *"What is really required of the court*

is not that it render a decision on the merits of the motion within said period, *but that it take some action in regard to the same*, either by peremptorily denying it if in its judgment it lacks merit, or by setting a day to hear the parties thereon if it deems it meritorious."

Subsequently in *Guilhon & Barthelemy v. District Court*, 64 P.R.R. 289 (1944), this Court said at p. 295 that:

"If the district courts would faithfully follow the above suggestion to give such motions priority, and would *within five days deny them outright or set them down for hearing if they raise* a substantial point, the moving party would not be faced with the dilemma of either abandoning his motion for reconsideration or running the risk that his time to appeal would expire while the district court kept his motion pending and thereafter denied it without a rehearing. *The Legislature or this court by rule should perhaps provide that a failure to act on the motion within five days means that it is automatically denied.* This would probably goad the district courts into action. In any event, it would eliminate the present predicament of moving parties who can obtain no ruling on their pending motions for reconsideration while their time to appeal is running.

. . .  .  .  .  .  .  .  .  .

". . . It is apparent that Act No. 67—which for the first time gave statutory recognition to the practice of filing motions for reconsideration in the district courts—has not entirely accomplished its objective."

The Rules of Civil Procedure of 1943 made no provision for reconsideration of a judgment, wherefore Act No. 67 of 1937, which amended § 292, remained in force until Rule 47 of the Rules of Civil Procedure of 1958 went into effect. (*Gual v. District Court*, 71 P.R.R. 283 (1950).) The latter provides as follows:

"Rule 47. Reconsideration

"The party aggrieved by the judgment or order may, within 10 days █ after the filing of copy of the notice of judgment,

or within 5 days after the filing of copy of notice of the order entered, file a motion for reconsideration of the judgment or order. The court, within 5 days after the filing of such motion, shall deny the same outright or set a hearing to hear the parties. If denied outright, the term to appeal shall be deemed never to have been interrupted. If a hearing is set to hear the parties, the term to appeal shall run as of the filing of copy of notice of the order of the court passing upon the motion definitively. If the court fails to take action on the motion for reconsideration within 5 days after filing, such motion shall be deemed to have been denied outright."

The Advisory Committee on the Rules of Civil Procedure in its comments on Rule 47 stated that the text thereof did not correspond to any existing rule or federal rule, although it did cover the provisions of § 292 of the Code of Civil Procedure. That provision of the Rule which reads as follows: *"If the court fails to take action on the motion for reconsideration within 5 days after filing, such motion shall be deemed to have been denied outright,"* is completely new since the same did not appear in § 292 of the Code of Civil Procedure. It was precisely for the purpose of giving effectiveness to the language of this provision that the Advisory Committee recommended the adoption of a rule of administration whereby, once a motion for reconsideration is filed, the clerk shall submit the same to the judge for its consideration within 24 hours after its filing.

On December 12, 1960, the Supreme Court of Puerto Rico adopted the "Rules for the Administration of the Court of First Instance of the Commonwealth of Puerto Rico," in pursuance of the authorization invested in it by § 7 of Art. V of the Constitution of the Commonwealth of Puerto Rico and the Judiciary Act.

The suggestion of the Advisory Committee on the Rules of Civil Procedure was adopted by virtue of Rule 12.1. That Rule provides as follows:

"Rule 12.1. Submission of Motions for Reconsideration to the Judge

"When a motion asking for the reconsideration of a judgment, order or decision is filed, *the secretary shall so inform the judge who rendered it, the judge substituting him or the administrative judge, within twenty-four (24) hours from the time it was filed.*" (Italics ours.)

Everything seems to indicate that when the Advisory Committee on the Rules of Civil Procedure proposed Rule 47, it took into consideration the decision in *Guilhon & Barthelemy* v. *District Court, supra,* and decided to follow the suggestion that if no action is taken on the motion within 5 days, this means that it is automatically denied. Moreover, the Committee was more specific and also suggested the adoption of the aforementioned administrative rule so that the judge, upon being notified within 24 hours of the filing of a motion for reconsideration, could take action thereon within the next five days, thereby preventing that such motion be denied outright by reason of the lapse of five days without the defeated party being uncertain as to the outcome of his motion.

■ This Court adopted Rule 47 as recommended by the Advisory Committee on the Rules of Civil Procedure and also approved, as already stated, Rule 12.1 in order to render feasible the provision which makes it the duty of the judge to deny outright or to set for hearing the motion for reconsideration within five days after its filing. If the judge fails to take action within said term, Rule 47 provides that the motion for reconsideration shall be deemed to be denied, or, following the language used in *Guilhon & Barthelemy, supra,* this means that the motion is automatically denied. In effect, where a motion for reconsideration is filed and the judge fails to take action thereon within five days after filing, the aggrieved party is warned that the term to appeal or to seek review of the judgment has not been

interrupted and may petition for such relief as may be proper against the judgment, without being subject to the uncertainty of whether the motion for reconsideration will be set for hearing, while the time to appeal from the judgment is running. This is the purpose sought by Rule 47.

However, does this mean that if the judge fails to take action within five days and the motion for reconsideration is therefore deemed to be denied outright, the court lacks power to set it subsequently for hearing? We believe not.

By virtue of Rule 47 the judge may summarily deny a motion for reconsideration timely filed in two ways, to wit: (1) by entering an order within five days after filing denying the same outright, or (2) by not taking any action within the said five days, in which case it is deemed to be denied outright. In either case the court has power to reconsider its order, to set it aside, and to set the reconsideration for hearing. Pursuant to the provisions of subd. 8 in force of § 7 of the Code of Civil Procedure (32 L.P.R.A. § 44), the court has power to "amend and control its process and orders so as to make them conformable to law and justice." See *Domínguez* v. *Fabián*, 35 P.R.R. 288 (1926); *Rodríguez* v. *Sánchez*, 48 P.R.R. 229 (1935); *Capó* v. *Fernández*, 16 P.R.R. 332 (1910).

██ We have already held that the 15-day term for filing a motion for reconsideration of a judgment is peremptory and that, being jurisdictional in character, the court cannot entertain such motion when the same is untimely filed. *López Rivera* v. *Water Resources Authority*, 89 P.R.R. 406 (1963), and cases therein cited. Heretofore we had held in *Franceschi* v. *Municipality of Juana Díaz*, 88 P.R.R. 377 (1963), that the court lacked power to set the motion for reconsideration after 5 days had elapsed since the filing date thereof. However, we are now of the opinion that, once a motion for reconsideration is timely filed and decided by the

court denying the same outright, either by affirmative action or by nonaction within five days after its filing, the court is not deprived of its power to reconsider its action if it considers that the motion for reconsideration actually raises a substantial and meritorious question, and that in furtherance of justice it should set a date to hear the parties, provided it has not been deprived of jurisdiction by reason of the filing of a petition for appeal or review having been taken from the judgment, or the term for taking those appeals has not expired. It cannot be seriously questioned that where the court enters an order denying outright a motion for reconsideration, it has power, if it is mistaken, to reconsider its order either at the request of a party or *sua sponte*. There is no legal reason whatever to apply a different doctrine where, by virtue of Rule 47, the motion for reconsideration is deemed to be denied outright if the court has failed to take action thereon within the aforesaid 5-day period. We do not interpret Rule 47 in the sense that, once reconsideration is denied outright, it deprives the court of jurisdiction to set aside such order and to set the motion for hearing, provided it is timely done. For the reasons stated, the case of *Franceschi* v. *Municipality of Juana Díaz, supra*, is overruled.

The writ issued will be quashed and the case remanded for further proceedings.

Mr. Chief Justice Negrón Fernández did not participate. Mr. Justice Blanco Lugo, Mr. Justice Rigau, Mr. Justice Dávila, and Mr. Justice Ramírez Bages concur in separate opinions.

—O—

MR. JUSTICE BLANCO LUGO, with whom MR. JUSTICE RIGAU, MR. JUSTICE DÁVILA, and MR. JUSTICE RAMÍREZ BAGES concur, concurring.

San Juan, Puerto Rico, October 29, 1965

I concur in the solution proposed in this case notwithstanding that the legislative course of the motion for reconsideration in our procedural law as well as its jurisprudential interpretation point decidedly to the position which we assumed in *Franceschi* v. *Municipality of Juana Díaz,* 88 P.R.R. 377 (1963). I believe that in the present state of the administration of our courts such solution is more practical and leads to better justice, without sacrificing too much the important value of a prompt adjudication of the suits, which is unquestionably what is sought by the provision on the effect of an outright denial of the said motion by reason of nonaction within five days.

—O—

MR. JUSTICE RIGAU, concurring.

San Juan, Puerto Rico, October 29, 1965

Rule 47 of the Rules of Civil Procedure provides, in the pertinent part, that the party aggrieved by an order may, within the term of five days (after the date of filing in the record), file a motion for reconsideration. That Rule adds:

"The court, within 5 days after the filing of such motion, shall deny the same outright or set a hearing to hear the parties. If denied outright, the term to appeal shall be deemed never to have been interrupted. If a hearing is set to hear the parties, the term to appeal shall run as of the filing of copy of notice of the order of the court passing upon the motion definitively. If the court fails to take action on the motion for reconsideration within 5 days after filing, such motion shall be deemed to have been denied outright."

Hence, as stated in the opinion of the Court, by virtue of Rule 47 a motion for reconsideration may be denied in two ways, to wit: (1) by express order denying the same outright, entered within five days after its filing, or (2) by

not taking any action within the said five days, in which case it is deemed to be denied outright.

The case at bar presents a situation or alternative not provided for by Rule 47. This is, if the judge does not take action within five days after the motion for reconsideration is filed (and, therefore, the same is deemed to have been denied outright), may the court set it subsequently for hearing?

In *Franceschi* v. *Municipality of Juana Díaz*, by per curiam decision of May 15, 1963, this Court answered in the negative the preceding question. In the case at bar we have considered the problem anew. The truth is that I do not believe that there is anything in the case law or in the legislative history of Rule 47 to compel us inexorably to answer the aforesaid question one way or the other. If Rule 47 had foreseen the situation, we would indeed have no problem. Since the laws and the rules cannot foresee all situations, we are in the classical position in which the case law fills the gaps of the positive law.

It seems clear to me that the solution of *Franceschi* v. *Municipality of Juana Díaz, supra,* produces greater certainty and simplicity in the proceeding. However, in view of the circumstances of the great volume of work of the Court of First Instance, of its facilities and of its administration, I believe that there is the risk that if we follow the rule of *Franceschi* v. *Municipality of Juana Díaz* we would be paying a very costly price for that certainty and that simplicity, that is, that we would be depriving the courts of a flexibility which, under the circumstances noted above, seems necessary at present as a practical question and conducive to better justice.

In view of these considerations, I concur in the opinion of the Court and in the opinion of Mr. Justice Blanco Lugo. I believe, however, that whenever it is feasible to attain the

certainty in the aforementioned proceeding without impairing justice, we must go back, whether jurisprudentially or by express amendment to Rule 47, to the rule contained in *Franceschi* v. *Municipality of Juana Díaz, supra.*